UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

COURT FILE NO.: _____

| | |
|---|---|
| Kara A. Continenza<br>478 Canterbury Lane<br>Youngstown, OH 44512<br><br>　　　　　Plaintiff,<br>v.<br><br>NCO Financial Systems, Inc.,<br>4740 Baxter Road<br>Virginia Beach, VA 23462<br><br>　　　　　Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiffs' personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff Kara A. Continenza is a natural person who resides in the City of Youngstown, Ohio County of Mahoning, State of Ohio, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc. is a collection agency operating from an address of 4740 Baxter Road, Virginia Beach, VA 23462 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

6. On or around November 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt from Kirkland's, a specialty retailer, in the approximate amount of $700.00, which was used by Plaintiff for personal, family and household purchases.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants, NCO Financial Systems, Inc., for collection from this Plaintiff.

8. On or about January 2, 2008, Plaintiff, in an effort to solve her debt problems, retained the services of the Palmer Law Firm, P.C., a firm that specializes in providing assistance to people struggling with consumer debt issues.

9. On or about March 18, 2008, the Palmer Law Firm, P.C. sent a letter of representation to Defendant (see Exhibit "A" attached hereto). This letter notified Defendant that Plaintiff was represented by counsel and instructed Defendant to cease communication with Plaintiff from that point forward.

10. On or about April 9, 2008, one of Defendant's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. From the period of April 9, 2008 until May 30, 2008 Defendant's collectors proceeded to call Plaintiff an average of at least four times per day, almost everyday. Every time Plaintiff, spoke to Defendant's collectors, Plaintiff informed the collectors that she did not wish to speak to them and that she was represented by an attorney. She then proceeded to give the collector her attorney's phone number. On at least one occasion, when Plaintiff attempted to give one of Defendant's collectors her attorney's phone number, the collector replied, "We don't call them. They can call us."

12. In addition, every time Plaintiff gave Defendant's collector her attorney's phone number, the collector would acknowledge Plaintiff's efforts and proceed to attempt to collect the debt from Plaintiff.

13. On or about April 14, 2008 Plaintiff received a collection notice letter by Defendant, which was written for the purpose of collecting the alleged debt. This letter is attached hereto as Exhibit "B".

14. All of the above-described collection communications made to Plaintiff by Defendant NCO Financial Systems, Inc. and other collection employees employed by Defendant NCO Financial Systems, Inc., were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d(5), 16929c(C), and 1692c(a)(2).

15. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of

Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

16. This series of abusive collection calls by Defendant NCO Financial Systems, Inc. and its employees pushed Plaintiff to consider bankruptcy as a way out of these abusive calls.

17. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain.

18. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

19. The acts and omissions of Defendant NCO Financial Systems, Inc. and the other debt collectors employed as agents by Defendant NCO Financial Systems, Inc. who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCO Financial Systems, Inc.

20. The acts and omissions by Defendant NCO Financial Systems, Inc. and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCO Financial Systems, Inc. in collecting consumer debts.

21. By committing these acts and omissions against Plaintiff, Defendant NCO Financial Systems, Inc. and these other debt collectors were motivated to benefit their principal, Defendant NCO Financial Systems, Inc.

22. Defendant NCO Financial Systems, Inc. is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Ohio tort law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

23. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up

to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

27. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

28. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

29. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

30. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

31. Plaintiff has a reasonable expectation of privacy in Plaintiff solitude, seclusion, and private concerns or affairs.

32. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and

intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

                                  Respectfully submitted,

Dated: 9/11/08                        **VIDMAR AND HARDESTY, LTD.**

                                  <u>By:  /**s**/ Christian Hardesty</u>
                                  Christian Hardesty
                                  Attorney I.D.#0078289
                                  1971 West Fifth Avenue, Suite 4
                                  Columbus, OH 43212
                                  Telephone:  (614) 515-5500
                                  Facsimile: (614) 543-1306

                                  **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO )
) ss
COUNTY OF MAHONING )

Plaintiff Kara A. Continenza, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions, if any, made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits.

    /s/ Kara A. Continenza
    Kara A. Continenza